COMMONWEALTH OF KENTUCKY
FRANKLIN CIRCUIT COURT
DIVISION ⎯
CIVIL ACTION NO. 19-CI-_____



FILED
AUG 0 1 2019
FRANKLIN CIRCUIT COURT
AMY FELDMAN, CLERK

APRIL LYONS individually and in her
Capacity as Adminstratrix of the
Estate of ROY T. MITCHELL,
DECEASED                                                                                     PLAINTIFFS

v.

FRANKLIN COUNTY KENTUKCY,
PARTICULARLY THE FRANKLIN
COUNTY SHERIFF'S OFFICE; JEREMY
YOUNGER individually and in his capacity
as a Franklin County Sheriff's Deputy;
EDWARD HUNT individually and in his
capacity as a Franklin County Sheriff's
Deputy; JASON SHERROW individually
and in his capacity as a Franklin County
Sheriff's Deputy; LANE CRAWLEY
individually and in his capacity as a Franklin
County Sheriff's Deputy; and PHILIP RAY
individually and in his capacity as a Franklin
County Sheriff's Deputy; PAT MELTON,
in his capacity as the then serving
Franklin County Sheriff                                                                    DEFENDANTS

## COMPLAINT

### I. NATURE OF THE ACTION

1. April Lyons, Plaintiff herein individually and in her capacity as administratrix of the Estate of Roy T. Mitchell brings this action as a result of the wrongful actions and death of her father, Roy T. Mitchell, as a result of the constitutional rights deprived of him by the Defendants.

1

## II. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the Commonwealth of Kentucky as well as laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. Sections 1981, 1983 and 42 U.S.C. Section 1988. Jurisdiction lies in this Court concurrently and pursuant to K.R.S. § 23A.010, because this cause is not exclusively vested in some other Court and the amount in controversy exceeds the jurisdictional limits of this Court.

2. Venue is proper in the Court because the acts and omissions of Defendants and the injuries to Plaintiffs alleged herein occurred in Franklin County, Kentucky.

## III. PARTIES

3. At all times relevant hereto, Plaintiff April Lyons individually, was a resident of the Commonwealth of Kentucky and a citizen of the United States of America.

4. At all times relevant hereto, Plaintiff April Lyons in her capacity as adminstratrix of the Estate of Roy T. Mitchell, is the personal representative of the Estate of Roy T. Mitchell who was a resident of the Commonwealth of Kentucky and a citizen of the United States of America.

5. At all times relevant hereto, Defendant Jeremy Younger was a citizen of the United States of America and resident of the Commonwealth of Kentucky and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant Franklin County Sheriff and/or Franklin County. Defendant Younger is sued individually.

6. At all times relevant hereto, Defendant Edward Hunt was a citizen of the United States of America and resident of the Commonwealth of Kentucky and was acting under color of state law

in his capacity as a law enforcement officer employed by the Defendant Franklin County Sheriff and/or Franklin County. Defendant Hunt is sued individually.

7. At all times relevant hereto, Defendant Jason Sherrow was a citizen of the United States of America and resident of the Commonwealth of Kentucky and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant Franklin County Sheriff and/or Franklin County. Defendant Sherrow is sued individually.

8. At all times relevant hereto, Defendant Lane Crawley was a citizen of the United States of America and resident of the Commonwealth of Kentucky and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant Franklin County Sheriff and/or Franklin County. Defendant Crawley is sued individually.

9. At all times relevant hereto, Defendant Philip Ray was a citizen of the United States of America and resident of the Commonwealth of Kentucky and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant Franklin County Sheriff and/or Franklin County. Defendant Ray is sued individually.

10. At all times relevant hereto, Defendant Franklin County Particularly Franklin County Sheriff's Office, is a Kentucky County and is the legal entity responsible for itself and the Franklin County Sheriff's Office. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. Section 1983.

11. At all times relevant hereto, Defendant Pat Melton was a citizen of the United States and a resident of the Commonwealth of Kentucky. Defendant Melton is sued in his official capacity as the Franklin County Sheriff at the time of the events complained of herein and was acting under the color of state law.

12. As the Franklin County Sheriff, Defendant Melton both exercised and delegated his final decision making power to the Sheriff's Deputies and others. On information and belief he also trained and supervised individual Defendants Younger, Hunt, Sherrow and Ray.

13. Defendant County and Defendant Melton are properly sued directly under 42 U.S.C. Section 1983 for their own and delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional violations resulting in injuries.

14. The Defendant County is also properly sued under 42 U.S.C. Section 1983 for the challenged delegated final decisions of Defendant Melton in his official capacity as the Franklin County Sheriff and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberate indifferent policies, decisions, widespread habits, customs, usages and practices.

## IV. FACTS

15. On July 31, 2018, at the direction of the then Sherriff Pat Melton, deputies from the Franklin County Sheriff's Office traveled to 1249 Union Ridge Rd. in Franklin County in order to serve an arrest warrant out of Wayne County, Kentucky on Brandy Cooper after receiving information Ms. Cooper was at that location. The bench warrant was issued for failure to pay fines in connection with a conviction for shoplifting.

17. Five deputies, Defendants, Younger, Hunt, Sherrow, Crawley, and Ray arrived at the Union Ridge Rd. address to serve the arrest warrant.

4

18. Brandy Cooper did not reside at 1249 Union Ridge Rd. Records relating the Wayne County case from which the bench warrant was issued list her address as 79 Recycling Rd., 305 Trinity Dr., Apt. T. 305 Georgetown[1], Kentucky. Brandy Cooper's grandfather, Roy Mitchell, now deceased, resided at 1249 Union Ridge Road.

19. Upon the deputies arrival at 1249 Union Ridge Road, at approximately 11:30 p.m. on July 31, 2018, Roy Mitchell was sitting on his front porch. Mr. Mitchell left his porch and walked out in his front yard to speak with deputies who were outside of the fence that enclosed his property. Deputies advised Mr. Mitchell they were there to arrest Brandy Cooper pursuant to the arrest warrant. Mr. Mitchell confirmed that she was in his residence but told the deputies they were on his private property and could not continue without a search warrant.

20. After being informed by Mr. Mitchell that the deputies could not enter his property without a search warrant and needed to leave, one or more of the deputies opened the gate or gates to the fence and entered Mr. Mitchell's yard. Defendant Younger's statement reads in part as follows:

> Mitchell advised Brandy Cooper was in the residence. Mitchell asked why they wanted to speak to her. Sgt. Younger advised that there was some paperwork he needed to speak with her about. Mitchell asked what kind of paperwork and Sgt. Younger told Mitchell that Cooper had a arrest warrant. After talking with Mitchell for a few minutes, Mitchell told the Deputies that they were on private property. Sgt. Younger opened the chain link fence gate and started towards the residence.

Defendant Hunt's statement reads in part as follows:

> Mitchell then noticed Deputy Sherrow entering a lower gate and said who is that and that you all need a warrant to be on my property. Sgt. Younger and myself and Deputy Ray had entered the front gate by this point, Sgt. Younger stated that you have already told us that Brandy is inside and we do have the right to go inside.

21. Following the deputies entry onto Mr. Mitchell's property, Mr. Mitchell continued to protest their presence and the deputies proceeded to place him under arrest. Mr. Mitchell was

---

[1] Court Net case information lists this address

5

taken to the ground by the deputies and eventually placed in handcuffs. Once in handcuffs deputies entered Mr. Mitchells residence to locate Ms. Cooper. One or more deputies stayed with Mr. Mitchell because he was having trouble breathing.

22. Mr. Michell became unresponsive. The deputies attempted CPR as did EMS once they arrived. Mr. Mitchell was pronounced dead on August 1, 2018.

23. A death certificate lists the immediate cause of Mr. Mitchell's death as hypertensive cardiovascular disease. Injuries to Mr. Mitchell's body listed in the autopsy report include a pink contusion on his forehead, a purple contusion on his nose, abrasions to his right shoulder, lacerations on his right hand, rib fractures, and a focal hemorrhage. Mr. Mitchell was 59 years old; he was 5 feet 10 inches tall and weighed 169 pounds.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. Section 1983 – Detention and Arrest in Violation of Fourth Amendment

24. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

25. Defendant deputies, at all times relevant hereto, were acting under the color of state law in their capacity as Franklin County Sheriff Deputies and their acts or omissions were conducted within the scope of their official duties or employment.

26. When Defendant Sheriff's deputies unlawfully entered Roy T. Mitchell's property without a search warrant and not under circumstances justifying the absence of the same they violated the decedent's right to be secure in his person and property against unreasonable searches and seizures as guaranteed to decedent under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

6

27. The detention and arrest of decedent made while he was lawfully protesting the deputies unlawful presence on his property was an arrest and detention made without reasonable suspicion and without probable cause in violation of decedents Fourth Amendment rights.

28. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

29. The conduct of the deputies was the proximate cause of decedent's constitutional deprivations, injuries and death

30. The conduct of the deputies was willful, wanton, malicious and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary and punitive damages as to the Defendant deputies.

31. As a result of their misconduct, Defendant deputies are liable for decedent's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent these violations.

32. Plaintiff brings this claim as personal representative of decedent's estate and as successor in interest to the decedent and seeks survival and wrongful death damages for the violation of decedent's rights. Plaintiff also seeks attorney's fees.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. Section 1983 – Excessive Force

33. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

34. Defendant deputies, at all times relevant hereto, were acting under the color of state law in their capacity as Franklin County Sheriff Deputies and their acts or omissions were conducted within the scope of their official duties or employment.

35. Defendant deputies used excessive force against decedent in effectuating decedent's unlawful detention and arrest. The unjustified force used in detaining and arresting the decedent deprived him of his clearly established right to be secure in his person against unreasonable searches and seizures as guaranteed to descendent under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

36. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

37. As a result and proximate cause of the foregoing, descendent suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

38. The conduct of the deputies was willful, wanton, malicious and done with reckless disregard for the rights and safety of decedent and therefore warrants the imposition of exemplary and punitive damages as to the Defendant deputies.

39. The use of physical force by all Defendant deputies was excessive and unreasonable given the totality of the circumstances

40. Plaintiff brings this claim as personal representative of decedent's estate and as successor in interest to the decedent and seeks survival and wrongful death damages for the violation of decedent's rights. Plaintiff also seeks attorney's fees.

### THIRD CLAIM FOR RELIEF
### 42 U.S.C. Section 1983 – Substantive Due Process

41. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

42. Defendant deputies, at all times relevant hereto, were acting under the color of state law in their capacity as Franklin County Sheriff Deputies and their acts or omissions were conducted within the scope of their official duties or employment.

43. Plaintiff April Lyons had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with her father, decedent.

44. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

45. The aforementioned actions of the Defendant deputies shock the conscience in that they acted with deliberate indifference to the constitutional rights of decedent and Plaintiff and with purpose to harm unrelated to any legitimate law enforcement objective.

46. As a direct and proximate cause of the acts of Defendant deputies, decedent suffered great physical and emotional distress up to the time of his death, loss of enjoyment of life, loss of life and loss of earning capacity.

47. As a direct and proximate cause of the acts of Defendant deputies, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also been deprived of the life long love, comfort, support, society, care and sustenance of descendant, and will continue to be so deprived for the remainder of her natural life.

48. The conduct of the deputies was willful, wanton, malicious and done with reckless disregard for the rights and safety of decedent and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to the Defendant deputies.

49. Plaintiff brings this claim as individually and as personal representative of decedent's estate and as successor in interest to the decedent and seeks survival and wrongful death damages for the violation of decedent's rights. Plaintiff also seeks attorney's fees.

## FOURTH CLAIM FOR RELIEF
## 42 U.S.C. Section 1983 – Ratification

50. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

51. Defendant deputies, at all times relevant hereto, were acting under the color of state law in their capacity as Franklin County Sheriff Deputies and their acts or omissions were conducted within the scope of their official duties or employment. Defendant deputies acts deprived decedent and plaintiff of their particular rights under the United States Constitution.

52. Upon information and belief, a final policymaker, acting under color of law, who had final policy making authority concerning the acts of the Defendant deputies, ratified Defendant deputies acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of Defendant deputies acts.

53. Upon information and belief, a final policymaker has determined (or will determine) that the acts of the Defendant deputies were within policy.

54. By reason of the aforementioned acts and omissions, Plaintiff has suffered emotional distress, mental anguish, and pain. Plaintiff has also suffered loss of the love, companionship,

affection, comfort, care, society, training, guidance and support of decedent. The aforementioned acts and omissions also caused decedent pain and suffering, loss of enjoyment of life and death.

54. Accordingly, all Defendants are each liable to Plaintiff for compensatory damages under 42 U.S.C. Section 1983.

55. Plaintiff brings this claim as individually and as personal representative of decedent's estate and as successor in interest to the decedent and seeks survival and wrongful death damages for the violation of decedent's rights. Plaintiff also seeks attorney's fees.

## FIFTH CLAIM FOR RELIEF
### 42 U.S.C. Section 1983 – Failure to Train

56. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

57. Defendant deputies, at all times relevant hereto, were acting under the color of state law in their capacity as Franklin County Sheriff Deputies and their acts or omissions were conducted within the scope of their official duties or employment. Defendant deputies acts deprived decedent and plaintiff of their particular rights under the United States Constitution.

58. The training policies of Defendant County were not adequate to train its officers to handle the unusual and recurring situations with which they must deal.

59. The Defendant County was deliberately indifferent to the obvious consequences of its failure to train its deputies adequately.

60. The failure of Defendant County to provide adequate training caused the deprivation of the decedent's and Plaintiff's rights by the Defendant deputies; that is, the Defendants failure to train is so closely related to the deprivation of rights as to be the moving force that caused the ultimate injuries.

61. By reason of the aforementioned acts and omissions decedent suffered pain and suffering, loss of enjoyment of life and death.

62. Accordingly, all Defendants are each liable to Plaintiff for compensatory damages under 42 U.S.C. Section 1983.

63. Plaintiff brings this claim as individually and as personal representative of decedent's estate and as successor in interest to the decedent and seeks survival and wrongful death damages for the violation of decedent's rights. Plaintiff also seeks attorney's fees.

### SIXTH CLAIM FOR RELIEF
### 42 U.S.C. Section 1983 – Unconstitutional Custom or Policy

64. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

65. Defendant deputies, at all times relevant hereto, were acting under the color of state law in their capacity as Franklin County Sheriff Deputies and their acts or omissions were conducted within the scope of their official duties or employment. Defendant deputies acts deprived decedent and plaintiff of their particular rights under the United States Constitution.

66. Defendant deputies acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant County. These inadequate and unconstitutional policies, customs and practices is so closely related to Plaintiff's and decedents deprived rights as to be the cause thereof.

67. By reason of the aforementioned acts and omissions, Plaintiff suffered emotional distress, mental anguish, and pain. Plaintiff has also suffered loss of the love, companionship, affection,

comfort, care, society, training, guidance and support of decedent. The aforementioned acts and omissions also caused decedent pain and suffering, loss of enjoyment of life and death.

68. Accordingly, all Defendants are each liable to Plaintiff for compensatory damages under 42 U.S.C. Section 1983.

69. Plaintiff brings this claim as individually and as personal representative of decedent's estate and as successor in interest to the decedent and seeks survival and wrongful death damages for the violation of decedent's rights. Plaintiff also seeks attorney's fees.

### SEVENTH CLAIM FOR RELIEF
### Battery
### (Wrongful Death)

70. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

71. Defendant deputies while working as Franklin County Sheriff's Deputies and acting within the course and scope of their duties used unreasonable and excessive force against decedent. As a result of the Defendant deputies actions decedent suffered severe pain and suffering and ultimately death. Defendant deputes had no legal justification for using force against decedent, and their use of force while carrying out their duties as law enforcement officers was an unreasonable and unprivileged use of force.

72. As a direct and proximate result of the conduct of Defendant deputies, decedent sustained injuries and ultimately died. As a direct and proximate result of the conduct of Defendant deputies as alleged above, decedent suffered survival damages and damages recoverable pursuant to KRS 411.130.

73. Defendant Sheriff and/or County is vicariously liable for the wrongful acts and omissions of Defendant deputies pursuant to KRS 70.040.

74. The conduct of the Defendant deputies was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and decedent, entitling Plaintiff, individually and as successor in interest to decedent, to an award of exemplary and punitive damages.

75. Plaintiff brings this claim as individually and as personal representative of decedent's estate and as successor in interest to the decedent and seeks survival and wrongful death damages for the violation of decedent's rights.

### EIGHTH CLAIM FOR RELIEF
### Negligence
### (Wrongful Death)

76. Plaintiffs hereby incorporate all other paragraphs of this Complaint as if fully set forth herein.

77. Law enforcement officers, including Defendant deputies, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, obeying the law, giving appropriate commands, giving warnings, and not using any force unless necessary.

78. Defendant deputies breached this duty of care. Upon information and belief the actions and inactions of Defendant were negligent and reckless, which include but are not limited to:

(a) the failure to properly and adequately assess their right to enter decedent's property without a warrant;

(b) the failure to properly and adequately assess the need to detain, arrest, and use of force against decedent;

(c) the negligent tactics and handling of the situation with decedent;

(d) the negligent detention, arrest, and use of force against decedent

(e) the failure to properly train and supervise employees;

(f) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of decedent.

79. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, decedent was caused to suffer severe pain and suffering and ultimately died. Also, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered emotional distress and mental anguish.

80. As a direct and proximate result of the conduct of Defendant deputies as alleged above, decedent suffered survival damages and damages recoverable pursuant to KRS 411.130.

81. Defendant Sheriff and/or County is vicariously liable for the wrongful acts and omissions of Defendant deputies pursuant to KRS 70.040.

82. The conduct of the Defendant deputies was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and decedent, entitling Plaintiff, individually and as successor in interest to decedent, to an award of exemplary and punitive damages.

83. Plaintiff brings this claim as individually and as personal representative of decedent's estate and as successor in interest to the decedent and seeks survival and wrongful death damages for the violation of decedent's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff April Lyons, individually and as personal representative of the Estate of Roy T. Mitchell, respectfully requests the following relief:

A. For compensatory damages in an amount to proven at trial, including both survival damages and wrongful death damages under federal and state law;

B. For funeral and burial expenses;

C. For statutory damages;

D. For interest;

E. For reasonable attorney's fees and costs;

F. For such further relief as the Court may deem just, proper and appropriate.

Respectfully submitted,

James E. Boyd
Robert A. Rowland
Attorneys for Plaintiffs
227 West Main St.
Frankfort, KY 40601
502-352-2819