UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| APRIL LYONS, individually and in the Capacity as Administratix of the Estate of ROY T. MITCHELL, <br><br> Plaintiffs, <br><br> V. <br><br> FRANKLIN COUNTY KENTUCKY, *et al.*, <br><br> Defendants. | Civil No. 3:19-cv-00064-GFVT-EBA <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to dismiss filed by Defendants Franklin County, Kentucky, Jeremy Younger, Edward Hunt, Jason Sherrow, Lane Crawly, Philip Ray, and Pat Melton. Plaintiff, April Lyons, individually and in the capacity as administratix of the Estate of Roy T. Mitchell, seek damages after the death of her father through various claims. However, Defendants argues that certain claims in April Lyons' Complaint should be dismissed for failure to state a cause of action. Therefore, the motion to dismiss is **GRANTED IN PART,** and certain claims in this matter against various Defendants are **DISMISSED**.

**I**

On or about July 31, 2018, deputies from the Franklin County Sheriff's received information that Brandy Cooper was at 1249 Union Ridge Rd. in Franklin, County, where they traveled in order to serve a warrant for Ms. Cooper's arrest. [R. 1-2 at 4.] Five deputies, who are now defendants in this case, Younger, Hunt, Sherrow, Crawley, and Ray arrived at the address to serve the warrant. [*Id*.] However, Ms. Cooper did not reside at this address.

Although the deputies had information she was present at this specific address, it was her grandfather, Roy Mitchell's, residence. [*Id*. at 5.]

When the deputies arrived around 11:30 p.m., Roy Mitchell was sitting on his front porch, and he proceeded to walk toward the deputies to speak with them. [*Id*.] The deputies advised Mr. Mitchell that they were there to issue a warrant for Ms. Cooper's arrest. [*Id*.] Mr. Mitchell confirmed that Ms. Cooper was there but warned the deputies that they were on his private property and could not enter without a search warrant. [*Id*.] After Mr. Mitchell ordered the deputies to leave his property, one or more of the deputies opened the fence gates and entered the yard. [*Id*.] Thereafter, the deputies placed Mr. Mitchell under arrest after he continued to protest the deputies' presence. [*Id*.] This required the deputies to place Mr. Mitchell on the ground and put him in handcuffs. [*Id*.]

After Mr. Mitchell was in handcuffs, the deputies proceeded to enter the residence to arrest Ms. Cooper. [*Id*. at 6.] One or more deputies stayed back with Mr. Mitchell since it was apparent he was having trouble breathing. [*Id*.] During that time, Mr. Mitchell became unresponsive and the deputies attempted CPR as did the EMS once they arrived. [*Id*.] Unfortunately, Mr. Mitchell was pronounced dead the next day due to hypertensive cardiovascular disease. [*Id*.] He also had a contusion on his forehead and nose, abrasions to his right shoulder, lacerations on his right hand, rib fractures, and a focal hemorrhage. [*Id*.]

Mr. Mitchell's daughter, April Lyons, filed this action in her individual and administratix capacities alleging eight causes of action. [*See id*.] The first two claims, brought only under Ms. Lyons' capacity as administratix of the Estate, consist of wrongful arrest and excessive force. [*Id*. at 6–8.] These claims are brought against each of the five deputies listed in the complaint. [*Id*.] The third cause of action of substantive due process violations is filed by Plaintiff in her

individual and administratix capacities against all the deputies listed in the complaint. [*Id*. at 8–9.] Claims Four through Six – Ratification, Failure to Train, and Unconstiutional Policy or Custom – are based on theories of municipal liability but are raised against each of the Defendants. [*Id*. at 10–13.] These three claims are raised by Plaintiff in her individual and administratix capacities. [*Id*.] Finally, the last two claims are state-law claims of battery and negligence. [*Id*. at 13–15.] Plaintiff asserts these claims in her individual and administratix capacities against all the Defendants listed in the Complaint. [*Id*.]

Defendants removed this action for original jurisdiction, based on the alleged violations of 42 U.S.C. §1983.[1] [R. 1 at 1–2.] Immediately thereafter, the Defendants filed a motion to dismiss pursuant to Rule 12(b)(6). [R. 5.] Ms. Jones, neither in her individual or administratix capacity, responded to this Motion. The time to file such a response has now expired. LR 7.1(c).

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the Plaintiffs' complaint. In reviewing a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.*

---

[1] Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction for matters "arising under the Constitution, laws, or treaties of the United States." This case was removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction over claims arising under 42 U.S.C. § 1983. Accordingly, the Court finds removal proper. In addition to her federal law claims, Ms. Lyons alleges two Kentucky law causes of action. [R. 1-2.] A federal court can maintain pendant jurisdiction over state law claims if both the state and federal claims derive from a common nucleus of operative fact and if the plaintiff would be expected to try all of her claims in one judicial proceeding. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Because these claims all relate to a single altercation and the Plaintiffs would be expected to try all of their claims in one proceeding, the Court finds pendant jurisdiction over the state law claims proper.

3

(quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

## A

Defendants contend that all claims filed by Ms. Lyons in her individual capacity do not state a cause of action and therefore should be dismissed. [R. 5-2 at 4.] Sixth Circuit law clearly instructs that causes of action brought pursuant to 42 U.S.C. § 1983 are "entirely personal to the direct victim of the alleged constitutional tort." *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984)). "Accordingly, only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim. . . . [N]o cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Id.* To the extent that April Lyons seeks to recover personally under § 1983, her claims are dismissed.[2]

Plaintiff also asserts the state law claim of battery on behalf of herself, individually. [R. 1-2 at 14.] Battery under Kentucky law is any "unlawful touching of the person of another, either by the aggressor himself, or by any substance set in motion by him." *Vitale v. Henchey*, 24 S.W.3d 651, 657 (Ky. 2000). However, Ms. Lyons does not state any facts that show the

---

[2] Defendants wrongly state that the substantive due process claim in the Complaint is filed by Plaintiff only in her individual capacity. The substantive due process claim is also asserted by Plaintiff in her capacity as administratix [R. 1-2 at 10], and therefore will not be dismissed in its entirety.

deputies touched her in anyway, only Mr. Mitchell. Therefore, she does not meet the essential element of touching in order to proceed with the battery claim in her individual capacity.

## B

Claims asserted against any of the law enforcement officers in their official capacities, will be dismissed. "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). This is because "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Graham*, 473 U.S. at 166. Suit against the six law enforcement officers in their official capacities is nothing more than a suit against Franklin County or the Franklin County Sheriff's Office, entities already defending the suit, and thus the Court deems it appropriate to dismiss all federal "official capacity" claims against individual defendants on redundancy grounds. *See Lambert v. Hartman*, 517 F.3d 433, 439–40 (2008) ("[Plaintiff] sued the Clerk in his official capacity, which is the equivalent of suing the Clerk's employer, the County.").

## C

In Counts Four, Five, and Six, Plaintiff asserts Eighth Amendment claims against Defendant Deputies Younger, Sherrow, Crawley, Ray, and Hunt based on a *respondeat superior* theory. [R. 1-2 at 10–13.] It appears that Plaintiff has filed three municipal liability claims under this theory: ratification, failure to train, and unconstitutional policy or custom. [*Id.*] Plaintiffs fail entirely to address Defendants' argument within the motion to dismiss that these claims must fail because they are predicated upon a *respondeat superior* theory of liability which

cannot provide the basis for liability in § 1983 actions.  [R. 5-2 at 7 (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978)).]

Defendants are correct that *respondeat superior* principles are inapplicable in the context of a § 1983 action.  *See Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 640 (6th Cir. 2003).  Generally, to recover against a given defendant in a civil rights action, the plaintiff 'must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x. 85, 86 (6th Cir. 2003).  As such, as with any Eighth Amendment-based § 1983 claim, courts require that Plaintiffs seeking to hold supervisors liable in this context must still prove that the supervisors were subjectively aware of the risk and consciously disregarded it.  *See, e.g., Counterman v. Warren Cty. Corr. Facility*, 176 F. App'x 234, 241 (3d Cir. 2006) (citations omitted).

The causes of action in Counts Four, Five, and Six do not create the potential of liability on individual who are not final policymakers, responsible for training, or responsible for policies and customs.  Plaintiff has produced no evidence, nor even suggested that any of the five deputies were responsible for any of these duties.  Plaintiff has also made no argument that any of the deputies authorized, approved, or knowing acquiesced any of the actions that are at question in this case since they did not seem to possess supervisory authority.  Therefore, Claims Four, Five, And Six that arise under a *respondeat superior* theory against the five deputies are dismissed.

**D**

In order to proceed with the ratification claim against Defendants, Ms. Lyons "must adequately allege . . . that an official with final decision making authority ratified illegal actions." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Burgess v. Fischer*,

6

735 F.3d 462, 478 (6th Cir. 2013)). "[R]atification of a subordinate's action requires more than acquiescence—it requires affirmative approval of a particular decision made by a subordinate." *Feliciano v. City of Cleveland*, 988 F.2d 649, 656 (6th Cir. 1993) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988)). However, even if an official with final decision making authority ratifies a decision, a plaintiff must still "prove that the ratification was a 'moving force' in causing the constitutional violation." *Id.* at 656 n.6 (quoting *Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991)).

Under the ratification theory, Plaintiff's claim fails because it does not identify with any specificity a decision made by a decision-maker with ultimate authority. Nowhere in the Complaint does Plaintiff allege that Defendants had authority to make final and unreviewable decisions such that any Defendant would constitute an official with final decision-making authority. The Complaint suggests that there has not been any ratification because it alleges that "a final policymaker has determined (or will determine) that the acts of the Defendant deputies were within policy." [R. 1-2 at 10.] "[S]ubsequent ratification of past wrongdoing cannot logically be the moving force behind the [wrongdoing]." *See Swann v. City of Columbus*, 2007 U.S. Dist. LEXIS 45766, 2007 WL 1831131, at *3 (S.D. Ohio June 25, 2007). A plaintiff asserting a ratification claim must generally allege that a municipality's failure to investigate *prior* allegations of unconstitutional conduct caused the constitutional violation at issue. *See, e.g., Hullett v. Smiedendorf*, 52 F. Supp. 2d 817, 828 (W.D. Mich 1999) ("[M]unicipal liability for failing to investigate or discipline its officers cannot be derived from a single act by a non-policy-making municipal employee . . . . Proof of the existence of the policy *prior* to the incident that is the subject of the complaint is necessary."); *see generally Miller v. Sanilac Cty.*, 606 F.3d 240, 255 (6th Cir. 2010) ("To establish deliberate

indifference, the plaintiff must show prior instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse."). Therefore, without more facts and specificity, the ratification claim must be dismissed against all Defendants.

E

Finally, Plaintiff bases her claims of negligence and battery on the same conduct discussed in relation to her claims of false arrest and excessive force. In *Tunne v. Paducah Police Dept.*, the court noted that a

> plaintiff cannot proceed with a claim for negligence where the claim is really a malicious prosecution claim. *Hill v. Willmott*, 561 S.W.2d 331, 334 (Ky. App. 1978). The policy considerations addressed by the elements of a malicious prosecution action would be thwarted if the plaintiff were allowed to proceed on a theory of negligence. *Id.* The plaintiff may not avoid the higher standards of malicious-prosecution claims by bringing negligence claims against the defendants under the same facts that constitute his other claims.

2010 U.S. Dist. LEXIS 4571, 2010 WL 323547, at *11 n. 4 (W.D. Ky. Jan. 21, 2010) (quoting *Bertram v. Fed. Exp. Corp.*, 2008 U.S. Dist. LEXIS 3744, 2008 WL 170063, at *6 (W.D. Ky. Jan. 17, 2008)). For these reasons, the Plaintiff cannot succeed in her claim of negligence. *See Lewis v. Laurel Cnty. Sheriff's Dep't*, 2011 U.S. Dist. LEXIS 88858, 2011 WL 3475370, at *6 (E.D. Ky. Aug. 8, 2011). Likewise, a plaintiff's battery claim cannot succeed if it truly mirrors an excessive force claim already being alleged. Ms. Lyons has failed to put forth any argument or additional facts that would suggest otherwise. Because Lyons' negligence and battery claims are based on the same conduct discussed in relation to her claims of false arrest and excessive force, the claims fail to withstand a motion to dismiss.

III

Accordingly, and the Court being sufficiently advised, it is herby **ORDERED** as follows:

1. All claims filed by Plaintiff April Lyons in her individual capacity against all Defendants are **DISMISSED WITH PREJUDICE** for failure to state a cause of action;

2. All claims against the individual Defendants in their official capacities, are **DISMISSED WITH PREJUDICE**;

3. Claims Four, Five, and Six, - Ratification, Failure to Train, and Unconstitutional Policy or Custom – are **DISMISSED WITH PREJUDICE** against all individual Defendants in their official and individual capacities;

4. Plaintiff's claim of ratification against all Defendants is **DISMISSED WITH PREJUDICE** in its entirety; and

5. State law claims of battery and negligence are **DISMISSED WITH PREJUDICE** in their entirety.

This the 16th day of March, 2020.

Gregory F. Van Tatenhove
United States District Judge